UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMAUEL LUTCHMAN,

                                  Petitioner,

                                                                                              Case Nos. 21-CV-6364-FPG

v.                                                                                             16-CR-6071-FPG

UNITED STATES OF AMERICA,                               DECISION AND ORDER

                                  Respondent.
_____

On May 10, 2021, the Court denied Petitioner Emanual Lutchman's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 91. On May 22, 2023, Petitioner filed the present motion for relief from the judgment denying his prior motion to vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 93. The government opposes the motion. ECF No. 98. For the reasons that follow, Petitioner's motion is DENIED.

## DISCUSSION

### I. Timeliness

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

    (1) Mistake, inadvertence, surprise, or excusable neglect;
    (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) The judgment is void;
    (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b). If the movant relies on subparagraphs (1), (2), or (3) of Rule 60(b), the motion must be brought within a year of entry of judgment. Fed. R. Civ. P. 60(c)(1). Otherwise,

for any other reason, the motion must be made within a reasonable period of time. *Id.* Courts in the Second Circuit have found delays exceeding eighteen months to be unreasonable absent mitigating circumstances. *See e.g., Rowe Entm't v. William Morris Agency Inc.*, No. 98 Civ. 8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012) ("In this Circuit, a reasonable time is within eighteen months of the entry of judgment, unless the movant shows good cause for the delay or mitigating circumstances."). Here, there was a twenty-four-month delay between entry of judgment denying Petitioner's motion to vacate under 28 U.S.C. § 2255 and this present motion for relief from judgment. Further, Petitioner does not raise any arguments showing good cause for the excessive delay due to any mitigating circumstances. Petitioner ignores this requirement altogether. Accordingly, Petitioner's Rule 60(b) motion is untimely. However, this is not the only grounds for denying Petitioner's motion.

## II. Successive Habeas Petitions

In the habeas context, Rule 60(b) may be invoked "only when the . . . motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Because Petitioner has already filed one Section 2255 motion, the Court must determine whether the current filing is "a *bona fide* Rule 60(b) motion [or] a disguised second or successive habeas petition," *Hall v. Haws*, 861 F.3d 977, 985 (9th Cir. 2017), subject to the requirements of 28 U.S.C. §§ 2244(a), 2244(b)(3), and 2255(h). In other words, a petitioner who uses Rule 60(b) "to present new claims for relief from [his criminal] judgment— even claims couched in the language of a true Rule 60(b) motion"—is "in substance" presenting a "successive habeas petition [which] should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see, e.g., Graves v. Phillips*, 531 F. App'x 27, 29 (2d Cir. 2013) (summary order) (petitioner's Rule 60(b) motion was an improper successive habeas petition to the extent it

"raise[d] a new objection to his conviction based on a *Brady* violation distinct from that which formed the basis of his original habeas petition," but was a permissible Rule 60(b) motion to the extent it "alleged a due process violation in his original habeas proceeding").

In this case, Petitioner does not challenge any "defect in the integrity of the federal habeas proceedings," *Gonzalez*, 545 U.S. at 532, but instead repeats one of the same claims that he brought in his original Section 2255 motion. Specifically, Petitioner contends that his trial counsel did not adequately address his competency to stand trial, and on that basis, it was ineffective advocacy for his trial counsel to recommend a guilty plea. ECF No. 93 at 4. Petitioner also asserts that the Court was aware of his mental health history and should have probed the question of how his medications might have impacted his decisionmaking. *Id.* at 6

These claims call into question the integrity of Petitioner's conviction and sentence on the merits, *not* his previous habeas proceeding, and thus may not be brought pursuant to Rule 60(b). *See Gonzalez*, 545 U.S. at 532  (Finding that a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim on the merits," is a successive habeas petition "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief"); *Ward v. Griffin*, No. 15-CV-2579, 2020 WL 3432587, at *2 (E.D.N.Y. June 22, 2020) ("A motion that seeks to add a new ground for relief . . . can only be raised in a successive habeas petition, as compared to a motion identifying some defect in the integrity of the federal habeas proceedings, which may be considered on a Rule 60(b) motion." (internal quotation marks omitted)); *see also Rodriguez v. United States*, No. 09-CV-2063, 2018 WL 4091069, at *4 (S.D.N.Y. Aug. 28, 2018) ("[Petitioner] presents entirely new ineffective assistance claims involving his trial and appellate counsel that were not raised during his habeas proceedings.  These claims directly attack, and seek

modification of, [his] sentence. Such claims cannot be presented for the first time in a Rule 60(b)(6) motion.").

Accordingly, the Court denies Petitioner's purported Rule 60(b) motion because it is, in fact, "beyond the scope of Rule 60(b)." *Mighty v. United States*, No. 15-CR-6109, 2022 WL 11961209, at *1 (W.D.N.Y. Oct. 20, 2022) (internal quotation marks omitted). To the extent Mitchell wishes to pursue these arguments via Section 2255, he must follow the procedures laid out in 28 U.S.C. §§ 2244(b)(3), and 2255(h).[1] *See* 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive Section 2255 petition); 28 U.S.C. § 2255(h) (listing circumstances in which a second or successive petition may be certified); *see also Washington v. United States*, 868 F.3d 64, 64-65 (2d Cir. 2017) (mem. op.) (discussing standards for second or successive Section 2255 motions).

For these reasons, Petitioner's Rule 60(b) motion (ECF No. 90) is DENIED.

IT IS SO ORDERED.

Dated: October 11, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] The Court's ruling should not be understood to preclude Petitioner from pursuing other avenues to obtain relief, including compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).